UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PETITIONERS, DANIEL AND GAIL GREENE ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | : | DOCKET NO. 04-1569 |
| VS. | : | JUDGE MINALDI |
| FLEETWOOD ENTERPRISES, INC. AND KITE BROS., L.L.C. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' Motion to Remand [doc. # 46].[1]

Background

Daniel and Gail Greene are the owners of a 2001 Fleetwood Discovery motor home. They contend that the motor home is defective because its Vetrolite fiberglass panels prematurely aged and yellowed. Accordingly, on July 1, 2004, the Greenes filed the instant suit on behalf of a nationwide class of similarly situated Fleetwood owners. The putative class action was filed in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana. Made defendants were Kite Bros. and Fleetwood Enterprises, Inc. *Id*. at ¶ 1.

On July 27, 2004, Fleetwood and Kite Bros. removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On August 26, 2004, plaintiffs filed a motion to remand for lack of subject matter jurisdiction due to the presence of a non-diverse defendant – Kite Bros. The removing defendants argued that plaintiffs had no reasonable possibility of

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

recovery against Kite Bros., and that its presence should be disregarded for purposes of determining diversity (*i.e.* improper or "fraudulent" joinder). (Notice of Removal, ¶¶ 3-4). The court agreed with defendants, and the motion to remand was denied. (*See*, November 12, 2004, Memorandum Ruling and Judgment).[2]

On April 4, 2005, plaintiffs filed a motion for class certification. After briefing, however, the motion was denied. (*See*, August 29, 2005, Judgment). Thereafter, plaintiffs filed the instant motion to remand. [doc. # 46]. Following a delay for briefing, the matter is now before the court.

Discussion

This matter was filed as a class action. (Petition for Damages, ¶¶ 12, *et seq.*). Plaintiffs do not dispute that

> . . . when a putative Louisiana plaintiffs' class advances a cause of action, such as tort or strict liability, for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under art. 595(A) shall be attributed entirely to the class representatives and included in calculating the amount in controversy.

*Grant v. Chevron Phillip Chemical Co.*, 309 F.3d 864 (5th Cir. 2002).[3]

Considering the foregoing and the original class action allegations, the Greenes concede that the amount in controversy as to them would have far exceeded the $ 75,000 threshold. (Pl. Memo., pg. 2). We agree, and specifically find that the amount in controversy as to each named plaintiff of the putative class action (Daniel and Gail Greene) exceeded $ 75,000 at the time of removal.

---

[2] The undersigned issued a minute entry concluding that it was facially apparent that the amount in controversy exceeded the requisite jurisdictional amount for the exercise of diversity jurisdiction. (*See*, January 3, 2005, Minute Entry).

[3] Attorney's fees are allowable under Article 595(A) and attributed to the class representatives even when they are not specifically prayed for. *Id.*

(*See*, January 3, 2005, Minute Entry).[4]

Plaintiffs now contend that because the court has since denied their motion for class certification, the amount in controversy is no longer met, and subject matter jurisdiction is lacking. Case law does not support plaintiffs' argument. Rather, it is axiomatic that once jurisdiction is established, subsequent events which reduce the amount recoverable below the statutory minimum do not affect jurisdiction. *See, St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 - 591 (1938); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Moreover, a denial of class certification that arguably reduces the amount in controversy is a "subsequent event" that does not affect the court's jurisdiction. *Pollet, Jr. v. Travelers Property and CasualtyPollet, Jr. v. Travelers Property and Casualty Ins. Co.*, 2002 WL 253204 (E.D. La. 2/20/02)(relying on *H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000). Accordingly, we continue to exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 46] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

[4] Plaintiffs' counsel previously identified at least 480 putative class members, with an estimated cost to repaint each motor home of approximately $ 20,000. (Pl. Exh. E to M/Class Certication; Ans. to Interr. No. 10).

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of November, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE